UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

MORDECHAI DEUTSH on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

          -against-

BUDZIK & DYNIA, LLC

                    Defendant.

_____

**CV 12 - 6238**

*GARAUFIS, J.*

*REYES, M.J.*

### CLASS ACTION COMPLAINT

#### *Introduction*

1.      Plaintiff Mordechai Deutsh seeks redress for the illegal practices of

Budzik & Dynia, LLC in which it unlawfully engaged in the collection of consumer debts

in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

("FDCPA").

2.      Plaintiff is a citizen of the State of New York who resides within this

District.

3.      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3)

of the FDCPA.

4.      The alleged debt that Defendant sought to collect from the Plaintiff

involves a consumer debt.

-1-

5.      Upon information and belief, Defendant's principal place of business is located within Laurelton, New York.

6.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Mordechai Deutsh

10.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.     On or about April 16, 2012 Defendant sent collection letters to Plaintiff.

12.     Defendant sent letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating Section 1692e(3). Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005). (Computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief

-2-

under Section 1692e(3).), Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist.

LEXIS 102727 (S.D.N.Y. Sept. 7, 2011), Cordes v. Frederick J. Hanna & Assocs., P.C.,

789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same) The

FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates

a non-exhaustive list of sixteen debt-collection practices that run afoul of this

proscription, including "the false representation or implication that [a] communication is

from an attorney." Id. § 1692e(3). The Second circuit has held that a debt-collection

letter from a law firm or lawyer violates Section 1692e(3) if an attorney was not "directly

and personally involved" with the debtor's account — such as by reviewing the debtor's

file — before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir.

1993) See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38

(5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal

Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008);

Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn.

2001) (Alsop, J.); See Also. Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-

05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney

conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for

Relief under Section 1692e(3).") The Second Circuit confronted similar facts in

Clomon. There, the attorney Defendant approved the form of dunning letters sent by a

collection agency and also "approved the procedures according to which th[e] letters

were sent."988 F.2d at 1317. He did not have any specific involvement with each

-3-

debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated 15 U.S.C. Section 1692e(3) because, although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

13.     Although Budzik & Dynia, LLC may technically be a law firm, it was not acting in the capacity of a law firm with respect to the said letters. The inclusion of "Attorneys at Law" is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

14.     If Budzik & Dynia, LLC desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense. See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993); See e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also. Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the

-4-

collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.) See, e.g. <u>Suquilanda v. Cohen & Slamowitz, LLP</u> No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review ,Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

15.    The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and which Defendant acquired after such obligation or alleged obligation was charged-off or was in default.  A true and correct copy of Defendant's communication is attached hereto.

16.    Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

17.    Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

18.    The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

19.    The said letter is a standardized form letter.

20.    Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for

indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

21.    The Defendant's said letter also stated in pertinent part as follows: "Please note that 3% credit card processing fee will be applied to your payment amount."

22.    The notification and collection of the 3% credit card processing fee is unlawful. *See e. g. Shami v. National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language "You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account."

*McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.)

23.    Defendant's processing fee demand is in violation of 15 U.S.C. §§ 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

-6-

## AS AND FOR A FIRST CAUSE OF ACTION

### *Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

24.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty-three (23) as if set forth fully in this cause of action.

25.     This cause of action is brought on behalf of Plaintiff and the members of two classes.

26.     Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letter was sent to a consumer seeking payment of a consumer debt; and (b) that the collection letter used an attorney letter head which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (c) the letter was sent concerning the seeking payment of an alleged debt and was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

27.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about April 16, 2012, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt;

-7-

and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f(1) and 1692e(2) for making a false representation that it was entitled to receive compensation for payment by credit card.

     28.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

     (a)    Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

     (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

     (c)    The only individual issue involves the identification of the consumers who received such collection letters, (*i.e.* the class members).  This is purely a matter capable of ministerial determination from the records of the Defendant.

     (d)    The claims of the Plaintiff are typical of those of the class members.  All of the respective class claims are based on substantially similar facts and legal theories.

     (e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class

actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

29. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

32. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

33. The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the Defendant and award damages as follows:

-9-

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. §

        1692(k); and

(b)     Attorney fees, litigation expenses and costs incurred in bringing this

        action; and

(c)     Any other relief that this Court deems appropriate and just under the

        circumstances.

Dated:  Brooklyn, New York
        December 17, 2012

                                        Law Offices of David Palace (DP 3855)
                                        383 Kingston Ave.  #113
                                        Brooklyn, New York 11213
                                        Telephone: 347-651-1077
                                        Facsimile: 347-464-0012

Plaintiff requests trial by jury on all issues so triable.

                                        David Palace esq. (DP 3855)

-10-

# BD

**BUDZIK & DYNIA, LLC**
Attorneys at Law
4849 N. Milwaukee Avenue
Suite 801
Chicago, IL 60630

Licensed Attorneys in:

| | | |
|---|---|---|
| Arizona | Illinois | New Jersey |
| Arkansas | Maine | New York |
| California | Massachusetts | Pennsylvania |
| Connecticut | Michigan | Tennessee |
| Florida | Minnesota | Utah |
| Idaho | Mississippi | Wisconsin |
| Iowa | Nevada | Wyoming |

| BD # | Original Creditor | Current Creditor | Original Account # | Current Balance | Settlement Offer |
|---|---|---|---|---|---|
| 707417 | JUNIPER MASTERCARD | Jefferson Capital LLC | 5140218003116504 | $1,301.61 | $650.81 |

Phone: 773-902-1130 • Toll Free: 888-322-1296
Fax: 773-482-6200 • Web: www.budzikdynia.com

MORDECHAI DEUTSCH
1540 55th St # 3
Brooklyn, NY 11219-4313

1282

April 16, 2012

Dear Mordechai Deutsch:

Budzik and Dynia, LLC believes that you would honestly be willing to pay this bill if given a fair opportunity to do so.

The enclosed page of payment coupons was designed to allow you to begin to pay your account by making small monthly payments. Additional coupons will be sent to you after your third payment has been received.

We do want to work with you. If you would like a different payment plan, change the due date, or possibly settle the account at a discount, PLEASE CALL US AT 888-322-1296.

Whatever the reason for non-payment in the past, this is an excellent opportunity to repay your account.

### Call us today at 888-322-1296

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

***detach below and return in the enclosed envelope with your payment***

4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

| We accept the following Or call to make a payment 888-322-1296 | ☐ VISA ☐ |
|---|---|
| Card Number | Expiration Date |
| Cardholder Zip Code | Last 3 Digits on the BACK of Card → | Verification Code |
| Cardholder's Signature | |
| Contact Number | Payment Amount $ |

*Please note that a 3% credit card processing fee will be applied to your payment amount.
**We do not accept credit cards in the states of CT, CO, ID, MA, MN, WA, and WI.**

| BD # | Current Balance | Settlement Offer |
|---|---|---|
| 707417 | $1,301.61 | $650.81 |

MORDECHAI DEUTSCH
1540 55th St # 3
Brooklyn, NY 11219-4313

Make your check or money order payable to:
Budzik & Dynia, LLC
4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

52